UNITED STATES BANKRUPTCY COURT       Hearing Date: January 18, 2024
SOUTHERN DISTRICT OF NEW YORK       Hearing Time: 9:00 a.m

------------------------------------------------------------x

In Re:                                               Case No. 23-11977(PB)
                                                       Chapter 13
                                                       **NOTICE OF CROSS-MOTION TO**
                                                       **VACATE THE AUTOMATIC STAY**

MARK HAYNES a/k/a MARQUELL HAYNES

------------------------------------------------------------x

PLEASE TAKE NOTICE, that upon the annexed motion of Fifth and 106th St. Associates LP ("Landlord"), and upon the Declaration in Support and exhibits annexed thereto, the undersigned will cross-move before the Honorable Philip Bentley, at the United States Bankruptcy Court located at Old Customs House, One Bowling Green, New York, New York 10004-1408, on the 18th day of January at 9:00 a.m. in the forenoon of that day by telephonic hearing to be held using Zoom for Government[1], or as soon thereafter as counsel may be heard, for an Order granting the following relief:

    (a)    Pursuant to 11 U.S.C. Section 362, annulling the automatic stay as to 4 East 107th Street, Apartment 15B, New York, New York 10029 (the "Premises");

    (b)    Permitting the Landlord to proceed with (I) the State Court proceeding in Civil Court, New York County *sub nom Fifth and 106th St. Associates LP v. Mark Haynes*, Index L & T 317051/21, or any successor actions or proceedings; (ii) prosecution of the State Court action in Supreme Court, New York County *sub nom Fifth and 106th St. Associates LP v. Mark Haynes*, Index No. 151063/2022, and; (iii) the commencement of a summary holdover proceeding in Civil Court, New York County to recover possession of the Premises, and;

---

[1] Any party appearing at, listening to or observing the Hearing must make an electronic appearance, an eCourt appearance, by using the eCourt appearance portal located on the Court's website at http://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Appearances must be entered on or before 4:00 p.m. prevailing Eastern Time the business day before the hearing.

    (c)    Granting such other, further, and different relief as the Court may deem just, proper and equitable under the circumstances.

PLEASE TAKE FURTHER NOTICE, that answering papers, if any, must be served upon the undersigned at least three (3) business days prior to the return date of said motion and must be filed electronically with the Bankruptcy Court at least one (1) business day prior to such Hearing Date.

Dated:  New York, New York
          January 9, 2024

                                                                       Dean Dreiblatt
                                                                        Yours, etc.,

ROSE & ROSE
Attorneys for Movant-Landlord
291 Broadway, 13th floor
New York, New York 10007
212 349-3366

TO:

        MARK HAYNES
        Debtor
        4 East 107th Street
        Apartment 15B
        New York, NY 10029

        THOMAS C. FROST, ESQ.
        Chapter 13 Trustee
        399 Knollwood Road, Suite 102
        White Plains, NY 10603

        OFFICE OF THE US TRUSTEE
        US Federal Office Building
        201 Varick Street, Room 1006
        New York, New York 10014

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------x  
In Re:

MARK HAYNES a/k/a MARQUELL HAYNES

------------------------------------------------------------x

Hearing Date: January 18, 2024  
Hearing Time: 9:00 a.m

Case No. 23-11977(PB)  
Chapter 13

**FIFTH AND 106TH ST. ASSOCIATES LP's CROSS-MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 USC 362(D)**

To:

HON. UNITED STATES BANKRUPTCY JUDGE PHILIP BENTLEY:

Fifth and 106th St. Associates LP ("Landlord"), the Owner and Landlord of residential real property known as 4 East107th Street, Apartment 15B, New York, New York 10029 ("Premises"), hereby files this cross-motion for entry of an Order, or pursuant to 11 USC 362(d)(1) for relief from the automatic stay. For the reasons that follow, Landlord respectfully requests that the Court issue an Order in the form annexed hereto as Exhibit "A" granting relief from the automatic stay; and granting Landlord such other and further relief as the Court deems just. The Landlord also requests the Court deny Debtor's motion for an extension of time to file his schedules and remaining papers. In support of the cross-motion and in opposition to the Debtor's motion, Landlord respectfully states as follows:

## PRELIMINARY STATEMENT

1. Mark Haynes a/k/a Marquell Haynes, the Debtor herein, occupies an apartment in a project-based Section 8 building intended for low-income tenants as defined by HUD regulations. Debtor has not paid rent since October 2019. Moreover, the Debtor has failed to

provide the documents required for annual recertification (which includes disclosure of the Debtor's income and assets) and has failed to recertify since 2019. Annual recertification is an integral requirement of a tenancy in this building, is required by HUD regulations and the provisions of the HUD Model Lease, and is intended to ensure that the scarce commodity of a subsidized Section 8 apartment goes only to those who are qualified.

2. It is apparent that the Debtor's failure to pay rent since 2019 and his continuing refusal to provide recertification documents is not a result from inability to pay. Landlord believes that Debtor owns at least two properties in New Jersey (873 S. 19th St Newark, NJ 07108 and 38 Avon Avenue, Irvington, New Jersey 07111; copies of the deeds to these properties are annexed hereto as Exhibit "J"). This belief is confirmed by the Debtor's bankruptcy petition, which lists the City of Newark Finance Department, the City of Newark Department of Water and Sewer, and PSE &G of New Jerseyas creditors. The Landlord believes that the Debtor may have also installed an unauthorized subtenant in the Premises herein.

3. It is equally apparent that the Debtor's continuing refusal to provide recertification documents does not result from impossibility in obtaining such documents. Rather, Debtor is afraid of what the documents would reveal. Indeed, when the Housing Court gave Debtor an opportunity to provide the recertification documents he has refused to provide since 2019, Debtor's answer was to file the instant bankruptcy case and stay the Housing Court proceeding.

## BACKGROUND

4. Fifth and 106th St Associates LP ("Owner" or "Landlord") is the owner of the building located at 4 East 107th Street, New York, New York 10029 (the "Building") pursuant to a deed duly record in the Office of the New York City Register. The building is a project-based Section 8 building governed by HUD regulations.

5. The Debtor entered into a written lease agreement for the rental of 4 East 107th Street Apartment 15B, New York, New York 10029( the "Premises") on or about November 29, 2018 . A copy of the Lease is annexed hereto as Exhibit "B". The Premises is a residential apartment governed by HUD regulations applicable to a project-based Section 8 premises. These requirements include but are not limited to the obligation of the Debtor to recertify and to provide documents regarding his income and property on an annual basis. .(See Paragraph 15 of Exhibit B). Failure to recertify as provided in the lease and in HUD regulations results in the rent being set at market rent as established by HUD and no Section 8 subsidy for the rent may be collected by the Landlord. The current month rent for the Premises is $3,911.00 per month.

**The Housing Court Proceeding**

6. On November 7, 2022, the Landlord commenced a summary nonpayment proceeding against the Debtor herein (the "Housing Court Proceeding"); a copy of the Petition and Notice of Petition is annexed hereto is annexed hereto as Exhibit "C". The Petition sought $98,553.00 in rent arrears through November 2022, based on Debtor's failure to pay any rent since October 2019. The monthly rent in the Petition reflected the Debtor's failure to recertify.

7. Debtor filed a pro answer (Exhibit "D") on February 28, 2023 as the Landlord was applying for a warrant on default. On March 9, 2023, Debtor moved to dismiss the Housing Court proceeding on various grounds, including failure to serve a "notice to cure", failure to attach the lease to the Petition and "failure to abide by HUD regulations."

8. The Housing Court denied Debtor's motion by Decision/Order dated August 10, 2023; a copy of the August 10, 2023 Decision/Order is annexed hereto as Exhibit "E". The Court also issued an Order on August 10, 2023 transferring the Housing Court Proceeding to the trial part as a trial-ready case, and a Decision/Order scheduling a pretrial conference for

September 18, 2023. (Exhibit "F"). The latter Order states the following in pertinent part:

> Petitioner to provide Respondent [Debtor] a list of documents required for recertification by August 14, 2023. Respondent to bring documents listed to court on September 18, 2023 but also provide a copy to Petitioner by 9/11/23. Petitioner to email a copy of the documents required to [email address of Debtor] and cc the Court.

9. On August 14, 2023, Landlord's counsel duly sent an email to the Debtor with a list of documents required for recertification, including income pertinent to Debtor's income and assets; a copy is annexed hereto as Exhibit "G".

10. The Debtor has not provided any documents required for recertification to date, despite the Landlord's continuing requests (Exhibit "H").

11. On October 27, 2022 Debtor subsequently moved to reargue and/or renew the August 10, 2023 Decision/Order denying his prior motion instead of providing documents in compliance with the Court's Order. The Court denied the Debtor's motion in a Decision/Order dated November 17, 2023 and immediately transferred the proceeding to the trial judge (Exhibit "I").

12. The Housing Court Proceeding was scheduled for trial on December 12, 2023. Rather than proceed to trial and/or provide the documents for recertification requested by the Landlord, the Debtor filed his bankruptcy petition on December 11, 2023.

**The State Supreme Court Action**

13. On January 10, 2022, the Landlord commenced an action in New York County Supreme Court against the Debtor herein, based upon the Debtor's failure to pay rent. A copy of the summons and complaint in that action are annexed hereto as Exhibit "K". The Debtor interposed an answer and moved for a "default" judgment on his counterclaim therein. The

Court denied Debtor's motion and scheduled a preliminary conference for January 10, 2024.

**The Debtor's Other Properties**

14. In the course of the Housing Court proceeding, the Landlord has learned that the Debtor owns properties in New Jersey--(873 S. 19th St Newark, NJ 07108 and 38 Avon Avenue, Irvington, New Jersey 07111). (Exhibit "J") The properties are in the name of Markquell Haynes; Debtor herein is also known as Markquell Haynes according to identification documents obtained by Landlord through a trial subpoena in Housing Court. Notably, the Debtor used a Bronx address–620 Baychester Avenue, Apartment 2B, Bronx, New York 10475 (the "Bronx address") for his mortgage for the Newark, New Jersey property. In the Housing Court proceeding, the Debtor admitted using the Bronx address "for work" and for his checking account. The Bronx address also appears on the Debtor's W-2 forms.

15. Debtor's relationship to these properties is confirmed by his bankruptcy petition, which lists the City of Newark Finance Department, Newark Department of Water and Sewer, PSE &G of New Jersey. Debtor's petition also lists the Internal Revenue Service ("IRS") as a creditor. The IRS has placed a tax lien against the Debtor at the Bronx address. (Exhibit "L"); the Court should note that the last four of the social security numbers match the Debtor's herein.

### IN SUPPORT OF THE CROSS-MOTION

**The Standard**

16. *In re Sonnax Industries, Inc.* 904 F. 2d 1280, 1286 (2d Cir. 1990) sets forth the factors to be considered in a motion to vacate the )automatic stay. Those factors include the following;

    (a)    whether relief would result in a partial or complete resolution of the issues;

 (b) lack of any connection with or interference with the bankruptcy case;

 (c) whether the other tribunal involves the Debtor as a fiduciary;

 (d) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

 (e) whether the parties are ready for trial in the other proceeding, and;

 (f) the impact of the stay on the parties and the balance of harms.

17. Not all of these factors will be relevant in every case. *Mazzeo v. Lenhard*, 167 F. 3d 139 (2d Cir. 1999). A Court need not give equal weight to each factor and need not rely upon all of the Sonnax factors, but may apply only those factors which are appropriate. *In Re New York Medical Group*, 265 BR 408 (Bankr. SDNY 2001).

**The Standard Applied**

18. The Debtor has failed to pay post-petition rent or use and occupancy. The debtor's failure to make post petition payments, including use and occupancy or "rent" can constitute "cause" for vacatur of the automatic stay. *In re Toulomis* 170 BR 825 (Bankr. SDNY 1994)

19. The Debtor's post-petition breaches have no relationship to the bankruptcy case. As stated in *In re Sonnax Industries, Inc.* 907 F. 2d 1280, 1285-1286 (2d Cir. 1990):

> Neither the statute nor the legislative history defines the term "for cause" [as used in 11 USC 362 (d)] and the legislative history gives only very general guidance. The Senate Report thus states:
>
> The lack of adequate protection of an interest in property is one cause for relief, but it is not the only cause. Other causes might include the lack of any connection with or interference with the pending bankruptcy case. Generally, proceedings in which the debtor is a fiduciary or ***involving the postpetition activities of the debtor need not be stayed because they bear no relationship to the purpose of the automatic stay, which is protection***

*of the debtor and his estate from creditors. ...*

In summarizing the caselaw under Section 362, Collier also mentions only a few specific circumstances amounting to "cause." It thus states:

Actions which are only remotely related to the case under title 11 or which involves the rights of third parties will be permitted to proceed in another forum. Generally proceedings in which the debtor is a fiduciary or *which involve the postpetition activities of the debtor need not be stayed since they bear no relationship to the purpose of the stay which is protect the debtor and the estate from creditors*. (Citations omitted; emphasis added).

20. Here, the instant motion is predicated upon, inter alia, the Debtor's postpetition breaches in that the Debtor has failed to pay post petition rent to the landlord,. The purpose of the automatic stay was not to protect the Debtor while the Debtor continued to occupy the subject premises rent free. . The Debtor's postpetition failure to pay rent and conduct bears no relationship to the bankruptcy case, and the landlord should be permitted to proceed in state court against the Debtor.

21. Moreover, the parties are ready for trial in the Housing Court Proceeding.

22. Further, Landlord has cause to commence a holdover proceeding against the Debtor based upon his breach of the lease. Paragraph 13 of the Debtor's HUD lease requires that he reside in the premises as his "only place of residence" and not permit others to reside therein "without the prior written approval of the Landlord." The Landlord believes, based on the Debtor's ownership of other properties, the use of the Bronx address on his W-2 and checking account, and the presence of another person in the Premises, that Debtor has violated this provision. This violation has no connection to the Debtor's bankruptcy case.

23. The balancing of harms clearly favors vacating the stay. The landlord has been harmed by the Debtor's failure to pay rent and by his failure to recertify. Debtor should not be

permitted to use the automatic stay as a shield to continue occupying the the premises without paying rent. The Debtor owes $149,546.00 in rent arrears to date, including post-petition rent for January 2024 in the amount of $3,911.00. A rent ledger is annexed hereto as Exhibit "M".

24. Accordingly, the *Sonnax* factors tilt toward the granting of the Landlord's motion.

25. The granting of the relief sought herein is therefore necessary to protect the Owner, and would allow the Landlord to avoid incurring additional damages.

26. No prejudice would result in granting the requested relief because the instant motion bears no real relationship to the purpose of the automatic stay.

27. The granting of the relief sought herein is necessary to protect the Landlord, and would allow the Landlord to avoid incurring additional damages.

**Rule 4001(a)(3) Waiver**

28. It is respectfully requested that the fourteen-day stay pursuant to Federal Bankruptcy Rule 4001(a)(3) be waived. During the Debtor's occupancy of the Premises, the Landlord is not only deprived of rent but is also barred from receiving any Section 8 subsidy or payment from the premises from HUD due to Debtor's refusal to recertify.

## IN OPPOSITION TO THE DEBTOR'S MOTION

29. The Debtor has moved for an extension of time to file schedules and statement of financial affairs on the basis that (a) the "holiday season" and; (b) debtor is attempting to obtain "pro bono assistance."

30. Federal Bankruptcy Rule 1007(5), which governs extensions of time for the filing of schedules, requires "cause shown." It is respectfully submitted that Debtor has failed to satisfy this requirement. The fact that the Debtor chose to file his petition during the "holiday season" and chose to proceed pro se are both matters within the control of the Debtor. Moreover, the

Debtor has been required by Court Order in the Housing Court proceeding to provide recertification information on his income and assets--the "information' needed by Debtor to prepare his schedules--since August 10, 2023.

WHEREFORE, it is respectfully requested that the Court deny Debtor's motion and grant Landlord's cross-motion in its entirety, and enter an Order for the following relief:

(a)   Pursuant to 11 U.S.C. Section 362, annulling the automatic stay as to 4 East 107th Street, Apartment 15B, New York, New York 10029 (the "Premises");

(b)   Permitting the Landlord to proceed with (I) the State Court proceeding in Civil Court, New York County *sub nom Fifth and 106th St. Associates LP v. Mark Haynes*, Index L & T 317051/21, or any successor actions or proceedings; (ii) prosecution of the State Court action in Supreme Court, New York County *sub nom Fifth and 106th St. Associates LP v. Mark Haynes*, Index No. 151063/2022, and; (iii) the commencement of a summary holdover proceeding in Civil Court, New York County to recover possession of the Premises, and;

(c)   Granting such other, further, and different relief as the Court may deem just, proper and equitable under the circumstances.

Dated: New York, New York
January 9, 2024

_____
DEAN DREIBLATT
ROSE & ROSE
Attorneys for Movant-Landlord
291 Broadway, 13th floor
New York, NY 1007
(212) 349-3366

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

Hearing Date: January 18, 2024  
Hearing Time: 9:00 a.m  

-----------------------------------------------------------x  

In Re:  

Case No. 23-11977(PB)  
Chapter 13  

MARK HAYNES a/k/a MARQUELL HAYNES  

-----------------------------------------------------------x  

## DECLARATION IN SUPPORT

JENNELL HOWARD, pursuant to 28 USC 1746, hereby declares the following to be true under penalty of perjury:

1. I am a Senior Manager for Fifth and 106th St Associates LP ("Owner" or "Landlord"). I make this Declaration based upon both my personal knowledge as well as the books and records maintained by the Landlord I am therefore fully familiar with the facts and circumstances set forth herein.

2. Landlord is the owner of the building located at 4 East 107th Street, New York, New York 10029 (the "Building") pursuant to a deed duly record in the Office of the New York City Register. The building is a project-based Section 8 building governed by HUD regulations.

3. The Debtor entered into a written lease agreement for the rental of 4 East 107th Street Apartment 15B, New York, New York 10029( the "Premises") on or about November 29, 2018 . A copy of the Lease is annexed hereto as Exhibit "B". The Premises is a residential apartment governed by HUD regulations applicable to a project-based Section 8 premises. These requirements include but are not limited to the obligation of the Debtor to recertify and to provide documents regarding his income and property on an annual basis. .(See Paragraph 15 of Exhibit B). Failure to recertify as provided in the lease and in HUD regulations results in the

Service ("IRS") as a creditor. The IRS has placed a tax lien against the Debtor at the Bronx address. (Exhibit "L")

7. The Debtor has failed to pay any post-petition rent or use and occupancy since filing his bankruptcy petition on December 8, 2023. The landlord has been harmed by the Debtor's failure to pay rent and by his failure to recertify. Debtor should not be permitted to use the automatic stay as a shield to continue occupying the the premises without paying rent. The Debtor owes $149,546.00 in rent arrears to date, including post-petition rent for January 2024 in the amount of $3,911.00. A rent ledger is annexed hereto as Exhibit "M".

8. Moreover, the parties are ready for trial in the Housing Court Proceeding.

9. Further, Landlord has cause to commence a holdover proceeding against the Debtor based upon his breach of the lease. Paragraph 13 of the Debtor's HUD lease requires that he reside in the premises as his "only place of residence" and not permit others to reside therein "without the prior written approval of the Landlord." The Landlord believes, based on the Debtor's ownership of other properties, the use of the Bronx address on his W-2 and checking account, and the presence of another person in the Premises, that Debtor has violated this provision. This violation has no connection to the Debtor's bankruptcy case.

WHEREFORE, it is respectfully requested that Debtor's motion be denied and that the Landlord's cross-motion be granted in its entirety, together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
January 9 2024

JENNELL HOWARD

DEAN DREILLATT
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02DR0005022
QUALIFIED IN WESTCHESTER COUNTY
MY COMMISSION EXPIRES APRIL 4, 2027

1/9/24

rent being set at market rent as established by HUD and no Section 8 subsidy for the rent may be collected by the Landlord. The current month rent for the Premises is $3,911.00 per month.

4. On November 7, 2022, the Landlord commenced a summary nonpayment proceeding against the Debtor herein (the "Housing Court Proceeding"); a copy of the Petition and Notice of Petition is annexed hereto is annexed hereto as Exhibit "C". The Petition sought $98,553.00 in rent arrears through November 2022, based on Debtor's failure to pay any rent since October 2019. The monthly rent in the Petition reflected the Debtor's failure to recertify. The procedural history of this proceeding is set forth in the annexed Cross-Motion.

5. In the course of the Housing Court proceeding, the Landlord has learned that the Debtor owns properties in New Jersey--(873 S. 19th St Newark, NJ 07108 and 38 Avon Avenue, Irvington, New Jersey 07111). (Exhibit "J") The properties are in the name of Markquell Haynes; however, according to the Debtor's passport, he is also known as Markquell Haynes. (Exhibit "K"); this photo identification shows the Debtor. The Landlord obtained the Debtor's passport through a trial subpoena to a third party agency . Notably, the Debtor used a Bronx address–620 Baychester Avenue, Apartment 2B, Bronx, New York 10475 (the "Bronx address") for his mortgage for the Newark, New Jersey property. In the Housing Court proceeding, the Debtor admitted using the Bronx address "for work" and for his checking account. The Bronx address also appears on the Debtor's W-2 forms. The Landlord also believes that Debtor may have installed an unauthorized occupant in the premises without seeking or obtaining the Landlord's consent and without filing the requisite forms required by HUD.

6. Debtor's relationship to these properties is confirmed by the Debtor's bankruptcy petition, which lists the City of Newark Finance Department, the City of Newark Department of Water and Sewer, PSE &G of New Jersey. Debtor's petition also lists the Internal Revenue