2024 MAY -8 A 9:03

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004- 2(b)

Mark Haynes
38 W. Avon Avenue
Irvington, NJ 07111
917-498-0646
quellb1@yahoo.com

RE:

Case No.: 24-12563
Chapter 13

MARK HAYNES
Debtor

**REQUEST TO THE STANDING TRUSTEE MARIE-ANN GREENBERG, AND THE COURT BY HONORABLE JUDGE STACEY I. MEISEL TO RECONSIDER DEBTORS REQUEST TO ADJOURN THE PLAN CONFIRMATION HEARING**

I, Mark Haynes, pro se debtor, do certify as follows:

1. On April 24, 2024 debtor submitted a motion/request to the court to request an adjournment of the Plan Confirmation hearing. (Document# 58 on the docket report)
2. On April 29, 2024 the Debtor's request was denied citing the following reasons:
   a) Debtor needs consent from objecting creditor's
   b) No 341 documents
   c) two months delinquent plan payments through April 2024
3. The following are Debtor's response to the objections:
   a) There were two creditors that objected to the initial Plan submitted in U.S. Bankruptcy Court in the Southern District of New York, JP Morgan Chase

Bank , filed on February 14, 2024 (Document# 35 on the docket sheet); and Fifth and 106th St. Associates, L.P. (Document# 28 on the docket sheet) Debtor has included 100% payment in the Amended Plan for JP Morgan Chase. Debtor has included 50% payment in the Amended Plan for Fifth and 106th St. Associates. The previous Plan did not provide any payment because it was understood that the original Plan would need to be amended after Debtor filed an objection to the proof of claim. Debtor was not clear who to get consent from with the latter creditor because the law firm representing them stated at a hearing on March 7, 2024 in the Southern District of New York stated that they would not be representing the creditor in New Jersey and no notice of appearance has been submitted since the case was transferred on March 8, 2024 to New Jersey.

b) Debtor has been submitting the trustees requested documents through the trustee portal. **Exhibit A**

c) Debtor has made post petition payments to the trustees account since February 2024. In accordance with 11 U.S.C. § 1326(a)(1), within 30 days after filing the bankruptcy case, even if the plan has not yet been approved by the court, the debtor must start making plan payments to the trustee. Payments made in the Southern District of New York have been transferred to Trustee Greenberg's account. **Exhibit B**

4. Debtor has been without counsel since April 2, 2024. Scott J. Goldstein, Esq. decided to withdraw from counsel after we had a disagreement over my request that he file an objection to creditor, Fifth and 106th St. Associates, LLP, proof of

claim although filing the latter service is covered in his retainer agreement.

**Exhibit C**

5. After a serious of emails between Mr. Goldstein and Debtor, while we were still emailing back and forth, he uploaded a Motion to withdraw as counsel (Document# 53 on the docket report) and than insinuated in his motion that Debtor may be committing fraud. Upon information and belief, setting Debtor up so that it would difficult to get future counsel. **Exhibit D**
6. Debtor believes that Mr. Goldstein has sabotaged my case because I simply asked him to file the objection to the proof of claim. If we lost than we would have adjusted Plan. Mr. Goldstein never mentioned any thing to me about potential fraud after reviewing my case on the eve of debtor's hearing on March 6, 2024 when he agreed to argue debtor's opposition to the unsecured creditor's motion to be relieved from the stay. I did not hesitate to send him a $2500 retainer.
7. On March 7, 2024 the hearing was held and the Honorable Judge Phillip Bentley personally prosecuted the case as a result of reviewing every all submissions. The judges order at the conclusion of the hearing was that creditor's motion was denied (Document# 44 on the docket report). There was never an accusation of fraud mentioned by any court personnel in the Southern District Of New York concerning Debtor's case
8. So Mr. Goldstein did not argue my case in the Southern District, he sent me a plan that was fraught with errors and told me to sign it. **Exhibit E**

He didn't appreciate Debtor pointing out the various errors. Lastly, Mr. Goldstein appeared in court on April 2, 2024, the day after he submitted a motion to

withdraw as counsel, on a motion to dismiss Debtor's Chapter 13 case for failure to submit a Chapter 13 Plan ( Document# 46 on the docket sheet) which Mr. Goldstein never mentioned to me. Debtor appeared in person before the Court to Mr. Goldstein's surprise and informed the judge that Debtor did not want to wait for the motion hearing for counsel to be relieved and requested that Debtor continue Pro se as of that date. Judge Meisel granted Debtor's request (See Minutes of Hearing held on April 2, 2024 on docket report)

9. Debtor sought debt relief through the bankruptcy court to manage my debt payments through Chapter 13.
10. Debtor has no other remedy at law.

WHEREFORE, in accordance with Rule 341(1) which states that the 341 Meeting of the Creditor's must be held prior to the Plan Confirmation hearing and for the reasons stated above your Debtor respectfully requests the

- Plan Confirmation hearing be delayed
- Allow Debtor file an Objection to the creditor's proof of claim
- and such other relief that the Court deems just and fair.

Dated: May 7, ,2024

Mark Haynes, Debtor Pro se
38 West Avon Avenue
Irvington NJ 07111