# EXHIBIT D

Mark:

The only thing that could be answered is as follows

1. I put the NY case number on it.
2. The Plan is on the NJ form – and that is the correction.
3. As to the rest – it is very clear that you have your own ideas about how bankruptcy works and valuations. You have refused to listen to anything I have to say. Therefore I cannot represent you.

Mark:

I am filing a motion to withdraw as your attorney.

April 1, 2024

Good morning Mr. Goldstein

I received the Chapter 13 Plan (Plan) that you asked me to sign. There are a few questions/concerns that I would like to have answered first as follows:

1. Since my entire Chapter 13 case was transferred to Newark, which included the Plan (Docket Item# 26), why are we submitting that Plan again? When I spoke with you during our consultation I stated that the Plan would need to be amended.

2. The Plan that you have presented to me will undoubtedly be challenged again by the creditors who originally rejected my Plan because there are no specifics in terms of the how much creditors would be paid, all creditors were not included and what my actual monthly payments will ultimately be. Therefore, shouldn't you submit a motion to the court to have extension of time to amend the Plan?

3. Your office put the wrong case# on the Plan.

4. Additionally, I respectfully reject your explanation as to why we can not objection to the Lakeview claim based on the equity in my properties. My Irvington house, where I currently reside) was purchased for $171,000 with a mortgage balance of $138,566; the Newark property was purchased for $255,000 with a mortgage balance of $209, 995. Although current appraisal assessments, largely based on higher sales in a 10 mile radius from the property addresses doesn't necessarily mean that my properties will sell at those appraised prices. Current interests rates are high and housing sales are sluggish with the exception of investors looking for bargains. In addition, bankruptcy auction usually attract investors who want below market value properties. Then add in everyone who will get paid off the top i.e. the trustee, broker, appraiser, auctioneer and attorneys, there would be very small net dollar amount to pay to the creditor.

5. Your advice to dismiss the bankruptcy or go back and argue in New York State Court is not a consideration for me. As Judge Bentley stated when he single handedly prosecuted my objection to Lakeview's motion to be removed from the automatic stay, and subsequently denied their motion, "everything can be settled in bankruptcy court".

6. As discussed previously, I still want to go forward and file an objection to the proof of claim. I can provide you with testimonial and documentary evidence to support my claim. My position is that I should have continued to pay the increased rent of $1990 as assessed in the last lease I signed once it was determined that I was no longer eligible for the HUD subsidy. If we do the math and apply the 2% per annum increase over the 4 years minus the nearly $60,000 dollars that Lakeview received from ERAP, the monthly assessment in the Plan over a 5 year period will be manageable for me. Let's submit the objection to the claim and wait for their response.

Mr. Goldstein I don't want, and I won't, let either of my properties be sold because I can't afford to pay the draconian payment plan to a creditor who was previously willing to settled for 50%. Be clear, I was not opposed to that offer, however, they basically wanted me to pay it in three (3) lump sum payments in one (1) year which I was unable to do. Plus they wanted me to sign a confession of judgment. That is why I gave up the apartment after 22 years and filed for Chapter 13 bankruptcy, in order to get better payment terms. I am not a rent dodger. I have always paid my bills.

Respectfully submitted

Mark Haynes

Begin forwarded message:

**From:** "Marquell H." <quellb1@yahoo.com>
**Date:** April 1, 2024 at 7:54:42 PM EDT
**To:** "Scott J. Goldstein" <scott@wg-attorneys.com>
**Subject: Re: In re: Mark Haynes Case No. 24-12563(NJ)**

Mr. Goldstein,

I have just reviewed your motion to withdraw as counsel. While I appreciate your efforts thus far, I must express some concerns regarding our professional relationship. It appears there may have been some misunderstandings. Your motion is fraught with innuendo suggesting that I wanted you to do something untoward. You have set me up so that no other attorney will want to represent me. In your notice of motion, you state "The Debtor has filed papers with the Court to relieve Scott J. Goldstein, Esq. as counsel." I didn't file the motion, nor did I tell you that I wanted to sever our relationship.

Furthermore, since our successful opposition to the creditor's motion in the NY Southern District Bankruptcy Court, our interactions have become strained. While I initially sought your representation due to your expertise and connections, I've encountered a shift in your demeanor which has left me feeling uncomfortable and anxious. I must emphasize that I have never requested nor condoned any unethical behavior.

You have been rude to me ever since I won my opposition to the creditor's motion to be relieved from the automatic stay in the NY Southern District Bankruptcy Court. I retained you because I didn't feel comfortable arguing the motion. You said my opposition was weak and that you were interested in representing me because you knew the attorney who was representing the creditor and you beat him before. In fact, you called him "an idiot". You sent me a lengthy retainer agreement and told me that it was non-negotiable. I signed the retainer and sent you $2500 because it was the eve of the motion hearing and you needed to put in a notice of appearance and prepare for the hearing. On the day of the hearing, Judge Bentley felt so strongly about what he read in both the creditor's motion and the debtor's opposition (that I did) that he prosecuted the case himself. He asked you if you have anything to add and you said "no, your honor, you said it all." So if there was any hint of fraud in my case, I am sure that the judge would not have denied the creditor's motion.

The very next day, you started communicating with me in a bullying and negative manner, both written and verbal. When I kept telling you that I wanted to submit an opposition to the same creditor's proof of claim, you continually refused to do so without looking at any of the evidence that I have to share with you. I am paying you to represent me. I have never asked you to violate the law. Your aggressive, bullying tactics have left me with a knot in my stomach and extremely anxious. It has been a nightmare for me. Therefore, I will ask the Court for immediate relief. I now realize that you do not have my best interests at heart, since you have decided not to handle anything else in these proceedings for me. Lastly, your revised Plan has completely eliminated the unsecured, non-priority creditors Lakeview Apts and Citibank, and states that my Plan payments will be $2900 per month!!! I would never be able to afford that amount. What was your real intent in taking my case?

In light of these issues, I believe it is in my best interest to seek alternative representation moving forward.

Mark Haynes

On Apr 1, 2024, at 4:33 PM, Scott J. Goldstein <scott@wg-attorneys.com> wrote:

Mr. Haynes:

I have to file a motion to withdraw. You would be pro se. Unless you have another attorney in the wings, I have to do this and I have filed the motion.

I gave you different plan with the amount to pay. You HAVE to have a plan filed – you cannot proceed without one. This is not chapter 11. The plan form IS complete. The only thing missing from the first version I sent was the bump up.

You have the right to ask me to file a claim objection and I have the right to tell you that you have no grounds and to refuse to file frivolous pleadings. That is where we are. I have spent hours reviewing the prior case's pleadings, the pleadings in state court, and digging through HUD regs, handbooks and case law. My review indicates that you are dead in the water. My job is not to tell you what you want to hear. If I think you have no grounds, I would rather be direct and tell you that.

If you want to keep your properties, you have to pay the cash equivalent to the creditors and the valuation of the property appears to be well in excess of the claims – so it's a 100% case.

That being said, every time I have talked to you – you seem to want to be your own lawyer. That's fine. You can do that, I have filed the motion to withdraw. If you think you know better than me how bankruptcy works, have at it.

I am filing a fee application to provide the Court with time spent – that being said I am not seeking fees from you beyond what has been paid unless your case continues, in which case I will ask to be paid the balance through the Plan.

I will be on the call tomorrow to get the Court to extend the time for you to file a plan.

**Scott J. Goldstein, Esq.**

Law Offices of Wenarsky & Goldstein LLC

| **Ledgewood Office** | **New York Office** *(By Appointment Only)* |
| --- | --- |
| 410 Rte 10 W, Ste 214 | 43 West 43rd Street, Ste 188 |
| Ledgewood, NJ 07852 | New York, New York 10036 |
| Tel: (973) 927-5100 | Tel: (973) 453-2838 |
| Fax: (973) 927-5252 | Fax: (973) 453-2869 |
| www.wg-attorneys.com | |

No Attorney-Client Relationship. Please be advised that in the absence of a signed retainer agreement or letter of engagement between the recipient hereof and the sender, nothing in this email shall constitute the giving of legal advice or the formation of an attorney-client relationship. What this means is that if you have not hired this firm and signed a retainer, you cannot use this email to claim that you are a client of the firm.

If you are a client of the Firm, please maintain the confidentiality of this email and its contents to protect your privilege.

Confidential Attorney Client Communication/Attorney Work Product. This electronic mail message and any attachments are intended only for the use of the addressee(s) named above and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not an intended recipient, or the employee or agent responsible for delivering this e-mail to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. Moreover, any inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise. If you received this e-mail message in error, please immediately notify the sender by replying to this message or by telephone at (973) 453-2838 and then permanently deleting the material received. Thank you.

**This Firm is a Debt Relief Agency as Defined by 11 U.S.C. § 527. We help people file for bankruptcy.**

**From:** Marquell H. <quellb1@yahoo.com>
**Sent:** Monday, April 1, 2024 4:07 PM
**To:** Scott J. Goldstein <scott@wg-attorneys.com>
**Subject:** Re: In re: Mark Haynes Case No. 23-11977

Mr. Goldstein

Your recent email is most disheartening to me. I did say that I had some **questions/concerns.** I realize that the New Jersey Plan form is different. However you submitted the same incomplete information on the new Plan form that will ultimately be objected to by the creditors. As your client I have a right to ask you to object to a claim. If we lose then we can take the next steps. Why are you not willing to consider reviewing the evidence that I have to defend my opposition? So why not just ask for an extension of time to submit a viable plan that I can sign off on? More importantly, why can't you ask for more time to file an objection to the proof of claim before filing the Plan?

Further, valuation is not the issue as much as my fear that you are setting me up to sell my properties. Chapter 13 is supposed to set a plan that I can pay without losing everything. Your position seems to be that it is your way or the highway. I didn't realize that I should pay you $400 an hour and just stay mute. If you want to withdraw from the case, let's sign a mutual agreement to sever ties without a motion. I don't want you to start a barn fire and set my case up for failure.